THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM SANDOWSKY, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, October 27, 1932.

*Kopp, Markewich & Null,* for the appellant.

*Charles B. McLaughlin,* District Attorney [*Richard Brady* of counsel], for the respondent.

PER CURIAM. The appellant appeals from a judgment convicting him of disorderly conduct and sentencing him to a term in the workhouse for fifteen days. The complaint upon which the judgment is based is an affidavit as follows: " Morris Kimare of No. 1327 Grant Avenue, being duly sworn, deposes and says, that on the 7th day of August, 1932 at the City and County aforesaid about the hour of 2:30 A. M., Sam Sandowsky (Now here) was at Webster Avenue and 167th Street using threatening, abusive and insulting behavior, with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned; that said defendant did then and there after previously threatening to beat the deponent, did loiter about deponent's home, whereupon deponent and his wife followed defendant and called Police Officer Harry Kiritz, 42 Prec. whereupon the defendant used loud and boisterous language causing a crowd to collect. MORRIS KIMARE.

" Sworn to before me, this}
7th day of August, 1932.}

" HULON CAPSHAW,
" *City Magistrate.*"

The complaint places the acts of disorderly conduct at Webster avenue and One Hundred and Sixty-seventh street in the county of Bronx at two-thirty A. M. The disorderly conduct is not the threats that had been made earlier in the day nor the loitering about the complainant's home, which was twelve or fifteen blocks away from Webster avenue and One Hundred and Sixty-seventh street. The allegations without proper proof of the disorderly conduct charged are of no value. The magistrate, however, tried the case as though the threats and the loitering were the disorderly conduct complained of.

Twenty-nine pages of testimony were taken in the trial of this action, and none of the witnesses for the People, with the exception of the police officer, testified as to what occurred at Webster avenue and One Hundred and Sixty-seventh street. The police officer said: " They pointed to the northwest corner of 167th Street and Webster Avenue. This lad was leaning against the stanchion. So I said ' You're sure the fellow isn't drunk or something? ' He said, ' No. That's the fellow.' So I walked over to this young man and I questioned him and I asked him what he was doing this time in the morning, and right away he outburst with loud tone and manner. Question: He did what? He outburst with a loud tone, causing a crowd. I told him to quiet down and with that he started yelling some more, so it happened the cab fellow come along. I walked over, I said, ' Is this the man? ' He said ' Yes,' so I started to try to quiet him down and this fellow started

hollering at the cab lad. Question: What was he doing? He started asking the cab fellow, ' You see me following these people? ' The cab fellow said, ' Yes, I did.' That was all. I just put him in the cab and I come down to the house." Later the officer says: " I couldn't ask him any questions being he was quite loud toned and he got me kind of sore and I have to lock him up for causing a crowd." To which the defendant answered: " Your Honor, I object to that. The man was telling a whole lot of lies. Why wouldn't he give me the chance to speak, I am human just as well as he? " The defendant also said he was waiting for a car at Webster avenue and One Hundred and Sixty-seventh street.

The testimony of the officer is substantially his own conclusions; neither the complainant nor his wife, though present, was questioned as to the acts and conduct of the defendant at One Hundred and Sixty-seventh street and Webster avenue. The People had it within their power to adduce evidence of this but failed so to do.

It is our opinion that the conviction of the defendant is, therefore, contrary to law and against the weight of evidence.

Judgment reversed and a new trial ordered.

All concur; present, KERNOCHAN, P. J., and FETHERSTON and SALOMON, JJ.